**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | ) | Chapter 13 |
| JOHN S. DONAHUE, IV | ) | |
| Debtor | ) | Case No.: 15-11125-BLS |
| | ) | |
| | ) | |

## OBJECTION TO EXEMPTIONS

COMES NOW, Floyd White, ("White") and Jerzy Wirth, ("Wirth") creditors of the debtor, both having filed proofs of claims, rejects and objects to the Debtor's exemptions filed and submitted by the Debtor upon the following grounds and for the reasons stated:

1. White and Wirth have standing to bring this objection. Bankruptcy Rule 4003 states in part " . . . a party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under § 341 . . .".
2. The Debtor resided in Delaware on his petition date.
3. The Debtor domicile is 1810 Sycamore Street; Wilmington, DE 19805, being Parcel # 2603340040, as disclosed in his petition.
4. On May 22, 2015, the Debtor filed a petition for relief under Chapter 13 of the United States Bankruptcy Code. Said petition was completed and filed under the guidance of a licensed and knowledgeable Bankruptcy attorney, Ms. Houghton, who represents the Debtor.
    a. Debtor filed Schedules of exemptions, assets and liabilities, a Statement Of Financial Affairs ("SOFA") and verifications declaring under penalties of perjury that they were true and correct.
5. Section 522(l) of the Bankruptcy Code requires the filing of a list of property the debtor claims as statutorily exempt from distribution to creditors.
6. The Debtor's exemptions are claimed on Official Form 6C, Schedule C. EXHIBIT "100".
7. On his Schedule C, the Debtor invoked the exemptions set out in 11 U.S.C. § 522(b)(3).
8. The bankruptcy exemptions that are allowed in this court are set by state regulations in 10 Del. C. § 4914.
9. On June 15, 2007, the Debtor's first § 341 meeting of creditors was held.

a. Debtor testified under oath under penalty of perjury that the filed Schedules of exemptions, assets and liabilities, a Statement Of Financial Affairs ("SOFA") and verifications declaring were true and correct.

10. Bankruptcy Rule 4003 affords Creditors and the bankruptcy Trustee thirty days to object to the claimed exemptions.

## OBJECTED EXEMPTIONS

11. Movants repeats and re-alleges the allegations set forth in paragraphs 1 through 10 of this Objection as if set forth at length herein.

12. The Debtor's property that is 1810 Sycamore Street; Wilmington, DE 19805, being Parcel # 2603340040 is listed within Schedule C filed by the Debtor is undervalued.

    a. There has been no formal appraisal of the property.

    b. Movants reject and object to the value listed.

13. The Debtor owns a second property that is 437 South Street; Townsend, DE 19734, being Parcel # 2500800079, which serves as a rental investment property (currently rented). It is listed within Schedule C filed by the Debtor.

    a. Its basis for exemption is listed as 10 Del. C § 4902(a). Section 4902(a) states:

        *i.* *"Every person residing within this State shall have exempt from execution or attachment process, or distress for rent, the following articles of personal property: The family Bible, school books and family library, family pictures, a seat or pew in any church or place of public worship, a lot in any burial ground, all the wearing apparel of the debtor and the debtor's family."* Emphasis added.

        ii. Real estate such as the property identified, is neither of the referenced items contained within Section 4902(a) accordingly, no legal basis for exemption has been provided and it should not be allowed.

        iii. In addition, the true debt and/or specifics have not been disclosed as required as the Debtor has misleadingly used the generalized term "Exceeds Value" in Schedule A, despite that the amount is a sum certain and easily obtainable from the lender.

        iv. Additionally, investment property is not an allowable exemption.

v. Debtor undervalued the real estate. There has been no formal appraisal of the property.

vi. Movants object for all the above reasons stated.

14. The Debtor listed within Schedule C filed by the Debtor as exempted "cash in pocket."

a. Its basis for exemption is listed as 10 Del. C § 4902(a). Section 4902(a) states:

*i. "Every person residing within this State shall have exempt from execution or attachment process, or distress for rent, the following articles of personal property: The family Bible, school books and family library, family pictures, a seat or pew in any church or place of public worship, a lot in any burial ground, all the wearing apparel of the debtor and the debtor's family."* Emphasis added.

ii. "Cash in pocket", is neither of the referenced items contained within Section 4902(a) accordingly, no legal basis for exemption has been provided and it should not be allowed.

iii. Movants object for all the above reasons stated.

15. The Debtor listed within Schedule C filed by the Debtor as exempted "kitchen appliances, used furniture, electronics."

a. Its basis for exemption is listed as 10 Del. C § 4902(a). Section 4902(a) states:

*i. "Every person residing within this State shall have exempt from execution or attachment process, or distress for rent, the following articles of personal property: The family Bible, school books and family library, family pictures, a seat or pew in any church or place of public worship, a lot in any burial ground, all the wearing apparel of the debtor and the debtor's family."* Emphasis added.

ii. "Kitchen appliances, used furniture, electronics" is neither of the referenced items contained within Section 4902(a) accordingly, no legal basis for exemption has been provided and it should not be allowed.

iii. Movants object for all the above reasons stated.

16. The Debtor listed within Schedule C filed by the Debtor as exempted "watch, chain."

a. Its basis for exemption is listed as 10 Del. C § 4902(a). Section 4902(a) states:

*i. "Every person residing within this State shall have exempt from execution or attachment process, or distress for rent, the following articles of personal*

*property: <u>The family Bible, school books and family library, family pictures, a seat or pew in any church or place of public worship, a lot in any burial ground, all the wearing apparel of the debtor and the debtor's family.</u>"* Emphasis added.

ii. "Watch, chain" is neither of the referenced items contained within Section 4902(a) accordingly, no legal basis for exemption has been provided and it should not be allowed.

iii. Movants object for all the above reasons stated.

17. The Debtor listed within Schedule C filed by the Debtor as exempted "Lexington-National."

a. Its basis for exemption is listed as 10 Del. C § 4902(a). Section 4902(a) states:

*i. "Every person residing within this State shall have exempt from execution or attachment process, or distress for rent, the following articles of personal property: <u>The family Bible, school books and family library, family pictures, a seat or pew in any church or place of public worship, a lot in any burial ground, all the wearing apparel of the debtor and the debtor's family.</u>"* Emphasis added.

ii. "Lexington-National" or any bank account and/or reserve account is not one of the referenced items contained within Section 4902(a) and should not be allowed.

iii. In addition, the true balance and/or specifics have not been disclosed as required, as the Debtor has misleadingly listed the values as "0.00", despite that the amount is a sum certain and easily obtainable from the surety. Further, Debtor has listed the item in Schedule B at line 35, characterizing it fraudulently as belonging to Lexington with the intent of misleading the Court and the creditors and thereby attempting to exempt the amounts held in the fund.

iv. Movants object for all the above reasons stated.

18. The Debtor listed within Schedule C filed by the Debtor as exempted "PNC Bank checking."

a. Its basis for exemption is listed as 10 Del. C § 4902(a). Section 4902(a) states:

*i. "Every person residing within this State shall have exempt from execution or attachment process, or distress for rent, the following articles of personal*

property: *<u>The family Bible, school books and family library, family pictures, a seat or pew in any church or place of public worship, a lot in any burial ground, all the wearing apparel of the debtor and the debtor's family.</u>"* Emphasis added.

ii. "PNC Bank checking" or any bank account and/or reserve account is neither of the referenced items contained within Section 4902(a) accordingly, no legal basis for exemption has been provided and it should not be allowed.

iii. Movants dispute the amount listed.

iv. Movants object for all the above reasons stated.

19. Debtor has been engaged in the business of providing and issuing bail bonds under or connected with the surety known as Lexington – National (Lexington National Insurance Corporation) to which he was required to establish an escrow account generally referred to as a Build Up Fund ("BUF"). The BUF is funded by the Debtor from bail premiums paid unto him (generally 1%). Upon the cancellation of the liability of the surety (on a bail by bail basic) the deposited funds are or will be returned to the Debtor. The funds are the property of the debtor bondsman and are considered in a reserve account[1].

20. The Debtor has filed a false schedule and/or submitted a schedule filed in bad faith.

Wherefore, Objectors/Movants Floyd White and Jerzy Wirth, move that the debtor's exemptions not be allowed and such other or additional relief or sanctions that the Court might grant.

Floyd White
Floyd White, Creditor
210B highland Blvd
Wilmington, DE 19804
302-442-5009

Dated: June 24, 2015

Jerzy Wirth
Jerzy Wirth, Creditor
312 Riblett Lane
Wilmington, DE 19808
(302) 397-8586 Office

Dated: June 24, 2015

1 Ernest N. Zweifel, T.C. Memo. 2012-92 Sec. 162; 6651; 6662

B6C (Official Form 6C) (04/13)

In re John S. Donahue IV
Debtor

Case No. ______
(If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)

☐ 11 U.S.C. § 522(b)(2)
☑ 11 U.S.C. § 522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds $155,675*.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| 1810 Sycamore<br>single family home<br>value is 144,000.00 less 10% selling cost | 10 Del.C § 4914(c)(1) | 18,438.00 | 129,600.00 |
| 437 South Street<br>single family home<br>value is 305,000.00 less 10% selling costs | 10 Del.C § 4902(a) | 0.00 | 274,500.00 |
| cash in pocket | 10 Del.C § 4902(a) | 25.00 | 25.00 |
| working and casual clothing | 10 Del.C § 4902(a) | 200.00 | 200.00 |
| kitchen appliances, used furniture, electronics | 10 Del.C § 4902(a) | 2,500.00 | 2,500.00 |
| watch, chain | 10 Del.C § 4902(a) | 500.00 | 500.00 |
| Lexington - National | 10 Del.C § 4902(a) | 0.00 | 0.00 |
| PNC Bank checking | 10 Del.C § 4902(a) | 2,000.00 | 2,000.00 |
| | Total exemptions claimed: | 23,663.00 | |

CREDITOR EXHIBIT 100

*Amount subject to adjustment on 4/01/16 and every three years thereafter with respect to cases commenced on or after the date of adjustment.

Bankruptcy2015 ©1991-2015, New Hope Software, Inc., ver. 5.1.2-875 - Friday, May 22, 2015, at 12:01:59 - 32085-301X-***** - PDF-XChange 4.0